UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COURTNEY G. ALEXANDER,** | Civil Action No. 25-1748 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **STATE OF NEW JERSEY,** | |
| Respondent. | |

**IT APPEARING THAT:**

1. *Pro se* Petitioner Courtney G. Alexander filed a notice seeking to remove his state court criminal proceedings pursuant to 28 U.S.C. §§ 1443, 1455. (ECF No. 1).

2. Petitioner is being prosecuted in the Superior Court of New Jersey, Law Division, Criminal Part, Hudson County under Indictments 18-05-00079-S and 21-11-00170-S. (*Id.*) Indictment 18-05-00079-S charges Petitioner with filing or recording a false document, lien, encumbrance, or court action in violation of N.J.S.A 2C:21-42, and retaliating against a witness or informant in violation of N.J.S.A. 2C:28-5(b). (*Id.* at 6-9). Indictment 21-11-00170-S charges him with fabricating physical evidence for the purpose of misleading a public servant in violation of N.J.S.A. 2C:28-6(2). (*Id.* at 10).

3. Section 1443 "provides for the removal of a criminal prosecution commenced in a state court where the defendant 'is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within

1

the jurisdiction thereof.'" *In re Ingris*, 601 F. App'x 71, 75 (3d Cir. 2015) (quoting 28 U.S.C. § 1443(1)).[1]

4.  This Court is required to promptly examine the removal notice and summarily remand the matter back to state court if it "clearly appears on the face of the notice and any exhibits attached thereto that removal should not be permitted … ." 28 U.S.C. § 1455(b)(4).

5.  Petitioner has not satisfied the filing requirements.  The removal notice must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(b)(1). Petitioner has not included these documents in his removal notice. (*See* ECF No. 1 at 12 (conceding that Petitioner did not include "10 years' worth of the case file for this motion."))

6.  It further appears that the notice is untimely. "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier … ." 28 U.S.C. § 1455(b)(1).  Petitioner asserts the notice is timely because it was filed within 30 days of the "third (3rd) Arraignment hearing" on February 10, 2025. (ECF No. 1 at 1). "Third arraignment" implies that there have been other arraignments in the state court; therefore, the time to file a notice of removal was 30 days after the first arraignment.  That time has long since passed

7.  In addition to not complying with the procedural requirements, the removal notice and exhibits do not set forth a valid basis for removing Petitioner's criminal cases and would

---

[1] "Section 1443(2) does not apply in this case as it applies only to 'federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Pennsylvania v. Smith*, No. 24-1499, 2024 WL 3594362, at *2 n.3 (3d Cir. July 31, 2024) (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966)).

warrant a remand even if the notice had been timely filed. "[A] removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

8. Petitioner states the grounds for removal are "the irrefutable facts that State of New Jersey defaulted on its obligations to vindicate Alexander's defensive claims; Alexander's claim of selective prosecution. Defendant claim[s] State of New Jersey is violating amendments, not limited to 1, 4, 5, 6, 8, 9, and 14. Specifically prosecuting Alexander for exercising a right by way of abuse of process, malicious process; conspiring in concert based on a prejudicial arbitrary classification (sovereign citizen)." (ECF No. 1 at 2).

9. He also includes a list of "additional grounds": "1st amendment violation; speech and defending by reasonable means; 5th amendment violation; subject for the same offence to be twice; 4th amendment violation; unfounded allegation, lacking evidence; 6th amendment violation; right to speedy trial; right to have assistance of zealous attorney; 8th amendment violation; cruel and unusual punishment, stall tactics / abuse of process, coerce to accept plea, no call no show hearings; 10th amendment violation; the separation-of-powers principles; 14th amendment violation; equal protection of law violation; two time retaliation for exercising the right to defend; denial of due process by indefinite recusing of judge type stall tactics." (*Id.*)

10. Petitioner does not allege that he is being denied his civil rights on account of his race. Petitioner does raise an equal protection argument, but that argument asserts that New Jersey is engaging in "selective prosecution" by charging him with filing or recording a false document when it did not charge him for filing the "same series of submissions" in 2015. (*Id.* at 6-7).

3

"Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219; *see also Delaware v. Desmond*, 792 F. App'x 241, 242 (3d Cir. 2020) (per curiam) (affirming remand where petitioner "did not allege in his petition that the state court litigation involves issues of racial inequality … .")  Therefore, Petitioner fails the first requirement for removal.

11.     The second removal requirement is that "it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" *Johnson*, 421 U.S. at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 803 (1966)).  "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* (cleaned up).  "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827 (1966).

12.     Petitioner does not allege, and the allegations in the removal notice do not support an inference, that a discriminatory New Jersey enactment or equivalent basis prevents him from seeking relief in the state courts. *Rachel*, 384 U.S. at 803.  His "allegations that the statutes underlying the charges against [him] were unconstitutional, that there was no basis in fact for those charges, or that [his] arrest and prosecution otherwise denied [Petitioner his] constitutional rights" do not warrant removal pursuant to §1443(1).  *Johnson*, 421 U.S. at 222.

13.     The criminal actions shall be remanded to the state court.

14. An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: March 17, 2025